**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-5242

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DONALD LYNN FIELDS,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.   Andre  M.  Davis,  District  Judge. (1:02-cr-00356-AMD)

Submitted:  November 16, 2007      Decided:  December 4, 2007

Before NIEMEYER, MICHAEL, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James Wyda, Federal Public Defender, Martin G. Bahl, Assistant Federal Public Defender, Baltimore, Maryland, for Appellant.  A. David Copperthite, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donald Lynn Fields appeals the district court's judgment on remand for resentencing under United States v. Booker, 543 U.S. 220 (2005). On appeal, Fields has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), arguing that his sentence of fifty-one months was unreasonable.[*] Finding no error, we affirm.

Following United States v. Booker, 543 U.S. 220 (2005), a district court must engage in a multi-step process at sentencing. First, after making appropriate findings of fact, the court must correctly determine the applicable advisory guidelines range and consult the range in imposing sentence. United States v. Moreland, 437 F.3d 424, 432 (4th Cir. 2006); United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). The court is then required to consider "other relevant factors set forth in the guidelines and those factors set forth in § 3553(a) before imposing sentence." Hughes, 401 F.3d at 546. A sentence within a properly calculated advisory guideline range is presumed reasonable. Rita v. United States, 127 S. Ct. 2456, 2462 (2007).

On appeal, this court will affirm a sentence as long as it is within the prescribed statutory range and is reasonable. Hughes, 401 F.3d at 547. Reasonableness review involves procedural

[*]Fields was informed of his right to file a pro se supplemental brief. He has elected not to do so.

- 2 -

and substantive components.  <u>Moreland</u>, 437 F.3d at 434.  "A sentence may be procedurally unreasonable, for example, if the district court provides an inadequate statement of reasons . . . A sentence may be substantively unreasonable if the court relies on an improper factor or rejects policies articulated by Congress or the Sentencing Commission."  <u>Id</u>.

Fields' sentence was procedurally reasonable.  In conformity with this court's opinion and the presentence report, the district court determined that Fields had a base offense level of twenty and a criminal history category of III.  The district court's calculation resulted in an advisory guidelines range of forty-one to fifty-one months' imprisonment.  The Government argued that a two level enhancement for obstruction of justice should be applied based on the fact that Fields committed perjury and suborned perjury during his trial.  A two level enhancement would have resulted in an advisory guidelines range of 51 to 63 months' imprisonment.  Although the district court concluded that Fields committed perjury and suborned perjury, the district court declined to enhance Fields' sentence, finding that a sentence of fifty-one months was appropriate.  Prior to imposing that sentence, the district court considered defense counsel's arguments for a sentence of forty-one months' imprisonment.  <u>United States v. Montes-Pineda</u>, 445 F.3d 375, 380 (2006).  The district court rejected counsel's arguments and determined that the factors in 18

U.S.C. § 3553(a), including the need for deterrence, the seriousness of Fields' offense, and the need to promote respect for the law, were served by a sentence of fifty-one months' imprisonment.

Fields' sentence was also substantively reasonable. Fields argues that he should have received a sentence of forty-one months' imprisonment because his criminal history overrepresented the seriousness of his past conduct and because of physical and mental disabilities he suffered during his teenage years. The district court considered and rejected these arguments at sentencing. Rather, the district court was particularly concerned that Fields' case involved an AK-47 rifle and determined that a sentence of fifty-one months was appropriate. Fields' sentence, within his advisory guidelines, is presumed reasonable, and he has failed to rebut that presumption.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Fields, in writing, of the right to petition the Supreme Court of the United States for further review. If Fields requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Fields.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>